# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.G. and K.G.**

**No. 19-0940** (Lincoln County 17-JA-58 and 17-JA-59)

## MEMORANDUM DECISION

Petitioner Mother N.G., by counsel L. Scott Briscoe, appeals the Circuit Court of Lincoln County's August 8, 2019, order terminating her parental rights to L.G. and K.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jeffrey S. Bowen, filed a response on behalf of the children also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in refusing to grant her an extension to her post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against petitioner in August of 2017, alleging that she abused drugs and alcohol. A Child Protective Services ("CPS") worker spoke to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]In her reply brief, petitioner attempts to set forth a list of six additional assignments of error not originally included in her brief, all of which contain only headings and lack any analysis whatsoever. Rule 10(g) of the West Virginia Rules of Appellate Procedure sets forth that a petitioner's reply brief must comply with the parts of Rule 10 that are applicable to respondents. Rule 10(d) provides that a "respondent's brief must specifically respond to each assignment of error[.]" As such, petitioner is limited to responding to the sole assignment of error in her brief and may not raise new assignments of error in her reply brief.

1

petitioner's neighbor, who indicated that he or she had seen the children in the road, unsupervised. That same day, petitioner presented to the DHHR office where she was observed to have constricted pupils and "was moving slow." Additionally, petitioner twice entered the lobby bathroom for periods of fifteen minutes, leaving the children unattended. Eventually, the CPS worker was able to visit petitioner's home and observed that there was no food or electricity. Petitioner denied drug and alcohol abuse. However, petitioner's family members reported that petitioner abused her prescription medication and failed to properly feed or supervise the children. Shortly thereafter, a CPS worker attempted to initiate a safety plan with petitioner but arrived at the home to find the front door ajar, the children naked and dirty, and petitioner asleep in her bedroom. The DHHR alleged that the children were in danger due to petitioner's drug abuse and her resulting inability to provide a safe environment or properly supervise the children.

According to the parties, petitioner was adjudicated as an abusing parent and granted an improvement period sometime thereafter. The DHHR filed a court summary in February of 2018, indicating that petitioner had been arrested on January 14, 2018, for disorderly conduct, obstructing an officer, and battery on an officer. The court summary indicated that, prior to that, petitioner had been participating in supervised visitation and parenting and adult life skills classes. The circuit court held a status hearing in February of 2018 wherein it was advised that petitioner was released from incarceration on January 31, 2018. After a "lengthy discussion," petitioner agreed upon and executed a family case plan in which she agreed to participate in random drug and alcohol screens, complete a seven-day detoxification program if she were to fail any drug screens, participate in a parental fitness evaluation and comply with the resulting recommendations, obtain and maintain employment and housing, participate in adult life skills classes, refrain from associating with known drug abusers, refrain from engaging in illegal activity, participate in supervised visitation, and maintain contact with the DHHR and service providers. Petitioner moved the circuit court for increased visitation with the children, and the circuit court granted the motion.

The circuit court continued to hold status hearings in this matter. Petitioner tested positive for methamphetamine and benzodiazepines around April of 2018, but denied abusing drugs, claiming the test results were inaccurate. In July of 2018, petitioner underwent a court-ordered psychiatric evaluation. According to the evaluation report, petitioner complained that her children were removed from her care because a CPS worker found her sleeping. Petitioner claimed that she was being treated unfairly, denied using drugs, and generally denied all other allegations against her. Further, when asked what her current concerns were, petitioner responded "my kids being taken, but I'm over it." The evaluator opined that petitioner was not currently competent to parent the children. The evaluator noted that petitioner minimized her difficulties despite numerous reports of inappropriate behavior, as well as substance abuse issues indicated by both family members and drug screens. The evaluator recommended that petitioner participate in intensive outpatient substance abuse treatment, random drug screening, parenting and adult life skills classes, and weekly psychotherapy sessions to address her issues with substance abuse and mood disturbance.

At a status hearing held in September of 2018, petitioner moved the circuit court for a follow-up psychiatric evaluation, claiming that the July of 2018 evaluation "does not account for anything that has occurred during her improvement period or recent counseling sessions."

2

However, the circuit court noted that petitioner was served with a new misdemeanor criminal warrant in open court and set the child abuse and neglect matter for a dispositional hearing. Nevertheless, the circuit court held several more status hearings.

The circuit court held a status hearing in October of 2018. The multidisciplinary team ("MDT") recommended that petitioner be granted a follow-up psychiatric evaluation. The circuit court adopted the MDT's recommendation and also granted petitioner's request for reduced drug screening. In January of 2019, the psychiatric evaluator issued a new report after reviewing additional documentation related to petitioner's improvement period. The evaluator noted that the records showed some improvement in petitioner's behavior but concluded that the records did not show improved parenting skills. As such, the evaluator did not change his prior conclusion. The circuit court also held a status hearing in January of 2019, during which it noted that petitioner "pleaded no contest to [driving under the influence] on January 16, 2019, . . . after spending 42 days in jail." Petitioner also advised the circuit court that she ceased treatment with a psychologist/psychiatrist and stopped taking her medication for her mental health treatment. The circuit court continued to hold status hearings, and petitioner eventually requested a ninety-day extension to her improvement period.

In May of 2019, the circuit court held a dispositional hearing. At the close of evidence, the circuit court found that petitioner "has been criminally convicted during her improvement period, of which she spent more than a month in jail, and continues to exhibit the allegations contained in the original [petition]." The circuit court further found that petitioner "wholly failed" to comply with her improvement period and correct the conditions of abuse and neglect. Accordingly, the circuit court denied petitioner's motion for an extension to her improvement period and terminated her parental rights, finding that there was no reasonable likelihood that she could correct the conditions of abuse and/or neglect in the near future and that termination of her parental rights was in the children's best interests. Petitioner appeals the circuit court's August 8, 2019, dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]The father's parental rights were also terminated below. The permanency plan for the children is adoption by their grandmother.

3

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in refusing to grant her an extension of her post-adjudicatory improvement period. Petitioner contends that, as of the dispositional hearing, she was not testing positive for nonprescribed or illicit substances and was substantially compliant with the terms set forth in the family case plan. Additionally, petitioner claims she maintained the same residence for the fourteen months leading up to the dispositional hearing and had maintained employment since February of 2019. Petitioner avers that "[w]hile [she] has limitations beyond her control, she showed throughout these proceedings that she was willing and able to work with the []DHHR and its providers to show she could improve and parent her children." Having reviewed the record, we find no error in the circuit court's refusal to grant petitioner an extension of her improvement period.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). West Virginia Code § 49-4-610(6) provides that a circuit court may grant an extension of an improvement period when it finds "that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child."

Here, the evidence demonstrates that, contrary to petitioner's argument, she did not substantially comply with the terms of her improvement period and, thus, was not entitled to an extension of the same. Petitioner agreed to the terms of the family case plan in February of 2018, and her improvement period continued until her parental rights were terminated in May of 2019—nearly fifteen months. Despite her seeming compliance with certain aspects of her improvement period, such as regular drug screening and maintaining housing and employment, petitioner was arrested and incarcerated during the course of the proceedings, in violation of the term requiring petitioner to abstain from illegal activity. Petitioner also denied having issues with substance abuse, ceased attending sessions with her psychologist/psychiatrist, and abandoned her medication regimen. Moreover, petitioner failed to acknowledge the significance of her behavior, as shown by her report to the psychological fitness evaluator that the abuse and neglect case was initiated due to a CPS worker having found her asleep in the home. Further, while petitioner contested the evaluator's conclusion that she was not currently competent to parent the children, the evaluator reviewed additional documentation of petitioner's participation in the proceedings and determined that she had not improved her parental behavior and, thus, did not modify his conclusion. We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator

4

of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Lastly, pursuant to West Virginia Code § 49-4-610(9),

no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

As noted above, petitioner's post-adjudicatory improvement period lasted fifteen months and she provides no argument as to how an extension of her improvement period beyond this timeframe would be in the children's best interests. Given petitioner's noncompliance with the terms and conditions of her improvement period, her refusal or inability to understand the significance of her actions, and her failure to demonstrate that she was entitled to an extension of her improvement period beyond the fifteen-month guideline set forth in West Virginia Code § 49-4-610(9), we find no error in the circuit court's refusal to grant her an extension of her improvement period. Petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 8, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 24, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison